**Ray MARSHALL, Secretary of Labor, United States Department of Labor**

v.

**WOLLASTON ALLOYS, INC. and Binney Tibbetts, Individually and as Vice President.**

Civ. A. No. 79–827–Z.

United States District Court, D. Massachusetts.

Nov. 30, 1979.

Johanna Harris, U.S. Dept. of Labor, Boston, Mass., for plaintiff.

Robert D. Moran, Washington, D.C., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff petitioned, pursuant to 28 U.S.C. § 636(d), for an adjudication of contempt against defendants for an alleged refusal of defendants to comply with an administrative search warrant. Defendants moved to quash the warrant.

Defendants deny the charge of contempt. They contend that they acceded to the search insofar as it was authorized by the warrant, but that certain requests of plaintiff's compliance officers exceeded the express terms of the warrant. They also attack the validity of the warrant on the ground that it was improperly issued upon an insufficient showing of probable cause. As the search exceeded the scope of the warrant and the petition for contempt must therefore be dismissed, I do not reach the issue of probable cause.

The parties do not dispute the essential facts. On April 9, 1979 a United States Magistrate, upon an *ex parte* application by Patrick J. Catino, an Occupational Safety and Health Administration ("OSHA") compliance officer, issued the warrant in question for "[a]n inspection of the worksite described as Wollaston Alloys, Inc., 205 Wood Road, Braintree, Massachusetts 03184." During the afternoon of April 9, 1979, two OSHA compliance officers presented the warrant to defendant Tibbetts at the worksite. They subsequently entered and inspected the premises. On the following day, in the course of the physical inspection of the workplace, one of the compliance officers asked defendant Tibbetts to absent himself so that she might interview an employee privately. Tibbetts refused and explained that he would not permit any private employee interviews on the premises of defendant Wollaston Alloys. The compliance officers proceeded to other phases of the inspection without conducting private employee interviews. Tibbetts later, on advice of counsel, refused a second request for private interviews; both compliance officers left without completing the inspection and this proceeding ensued.

The warrant describes certain specific inspection activities in which the compliance officer is authorized to engage during the search pursuant to various cited statutory and regulatory provisions and certain Supreme Court cases.[1] Defendants rely on the fact that the warrant did not authorize private employee interviews, and argue that their refusal to allow such interviews cannot, therefore, be contumacious. Private employee interviews, although admittedly not among the specifically described activities, are clearly authorized by the cited statutes and regulations and plaintiff argues that citation of the applicable statutes and regulations sufficiently defines the scope of the search that defendants' refusal to permit the interviews mandates a finding of contempt against them.

In *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), the Supreme Court held that warrantless OSHA inspections violate the Fourth Amendment safeguards against unreason-

---

1. The warrant reads in pertinent part as follows:

   "Pursuant to the Occupational Safety and Health Act, 29 USC Sections 651, 657, 658, 29 CFR Sections 1903.3 and 1903.4 and the decisions of the Supreme Court in *Marshall et al v. Barlow's, Inc.*, [436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305], 1978, as well as in *Camara v. Municipal Court*, 387 U.S. 523 [, 87 S.Ct. 1727, 18 L.Ed.2d 930] (1967) and *See v. Seattle*, 387 U.S. 541 [, 87 S.Ct. 1737, 18 L.Ed.2d 943] (1967), you are authorized to enter the above-described premises at reasonable times during ordinary working hours, and to inspect in a reasonable manner and to a reasonable extent, including all pertinent conditions, records, structures, machines, apparatus, devices, equipment and materials therein and to conduct industrial health sampling, pursuant to 29 USC Section 657."

able searches. By imposing a warrant requirement on OSHA inspections, the Court interposed a neutral probable cause finding between OSHA regulatory authorities and OSHA-regulated establishments. *Id.*, at 320, 98 S.Ct. 1816. The Court thereby sought to ensure to such employers one of the "important functions" of a warrant—"[to] then and there advise the owner of the scope and objects of the search, beyond which limits the inspector is not expected to proceed." *Id.*, at 323, 98 S.Ct. at 1826.

■ The statutory and regulatory provisions cited in the warrant before me list a variety of inspection activities all of which are permitted, but not required, in the course of an OSHA inspection. Plaintiff argues that the mere reference to such provisions adequately advises owners of the extent to which they may object to the inspection without risking contempt of court. In *Marshall v. Pool Offshore Co.*, 467 F.Supp. 978 (D.C.W.D.La.1979), plaintiff lost an overbreadth challenge to a warrant which at least tracked statutory and regulatory language and refused to find contempt without more specificity. This warrant which merely cites the statutory and regulatory references fails, a fortiori, of specificity.

■ Moreover, the view which plaintiff expresses in this case mocks the importance of the probable cause analysis required by *Barlow's, Inc.* "For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a

particular [establishment].' A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources . . . would protect an employer's Fourth Amendment rights." *Id.*, 436 U.S. at 320–321, 98 S.Ct. at 1824–1825 (citation and footnotes omitted). Under plaintiff's view, a magistrate could issue a warrant which, by listing citations generally, would authorize an inspection as broad as the cited authorities allow, notwithstanding a probable cause determination that neutral administrative criteria call for a less extensive search.[2] If the *Barlow's* probable cause requirement is to have any practical effect, an OSHA warrant must be tailored to the probable cause finding which, under *Barlow's*, must precede its issuance. See, *Marshall v. North American Car Company*, 476 F.Supp. 698 (M.D.Pa.1979).

■ Defendants are entitled to rely on the warrant for notice of the extent to which they are subject to an administrative search and as evidence that probable cause exists to conduct the search activities described in the warrant. To the extent that defendants are charged with refusing to permit private interviews with employees, they are not guilty of contempt of this Court.

Accordingly, plaintiff's petition is dismissed.

---

2. For example, in this case three different kinds of inspection (new inspections, reinspections, and record pickups) are implemented by the general administrative plan governing inspection of defendants' establishment. Establishments subject to inspection are selected for only one of the three kinds of inspection, therefore, probable cause determinations, if made, would vary among the various establishments.