Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Petitioner,

v.

The METAL BANK OF AMERICA, INC., Defendant-Respondent.

In the Matter of Establishment Inspection of The METAL BANK OF AMERICA, INC.

Misc. No. 80–0353.

United States District Court, E. D. Pennsylvania.

Sept. 14, 1981.

Mark V. Swirsky, U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff-petitioner.

Robert D. Moran, Vorys, Sater, Seymour & Pease, Washington, D. C., for defendant-respondent.

MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

On June 17, 1981, I entered an Order denying defendant's Motion to Quash an administrative search warrant issued to the Occupational Safety and Health Administration (OSHA). I also adjudicated defendant in civil contempt of court, and ordered plaintiff to submit a proposed form of Order. 516 F.Supp. 674.

Plaintiff now has submitted a proposed form of Order to which defendant objects on three grounds.[1] First, defendant objects that the proposed form of Order contains no limits on the scope of the ordered inspection. I have ordered that OSHA inspect defendant's premises in accordance with the warrant issued May 7, 1980, by Magistrate Edwin E. Naythons. The warrant authorizes OSHA to inspect the premises "during regular working hours or at other reasonable times, and to inspect and investigate in a reasonable manner and to a reasonable extent" the areas of the work place covered by the employee complaints, and the affirmed citations, and areas in which there is occupational exposure to lead and copper. *In re Metal Bank of America, Inc.,* Misc. No. 80–0353 (E.D.Pa. May 7, 1980) (order granting warrant for inspection). The inspection I have ordered, thus, is reasonably tailored to the probable cause which supported the warrant.

Second, defendant complains that the proposed Order contains no temporal limits

---

1. Defendant first, on June 25, 1981, appealed my clearly interlocutory June 17, 1981 Order and moved for a stay pending the appeal. On June 29, 1981, I received defendant's objections to the form of Order submitted by plaintiff. I retain jurisdiction of this matter despite the notice of appeal, since my Order by its terms was non-final and non-appealable. *See Cochran v. Birkel,* 651 F.2d 1219 (6th Cir. 1981).

on the inspection. I have ordered OSHA to begin the inspection within five working days of the date of this Order; and to complete the inspection within ten working days of this date.

Finally, defendant argues that the proposed form of Order is flawed in that it assesses monetary damages without any evidence of record to support such an award. I have discretion to assess the costs of litigating this contempt proceeding against the defendant. *Schauffler v. United Association of Journeymen & Apprentices of Plumbing and Pipefitting*, 246 F.2d 867 (3d Cir. 1957). However, "[t]hese items are restricted to reasonable amounts incurred in prosecuting the petition .... [S]ome basis for their award must appear in the record." *Lichtenstein v. Lichtenstein*, 425 F.2d 1111, 1113–14 (3d Cir. 1970). The present record contains no evidence by which the reasonableness of an award of costs can be evaluated. *See id.* I will order plaintiff to present evidence of the costs incurred in bringing this action.

With the foregoing amendments, I will adopt the plaintiff's proposed form of Order.