In the Matter of ESTABLISH INSPECTION OF the METAL BANK OF AMERICA, INC.

Appeal of The METAL BANK OF AMERICA.

No. 81–2840.

United States Court of Appeals, Third Circuit.

Argued Sept. 13, 1983.

Decided Feb. 17, 1983.

Robert D. Moran (argued), Vorys, Sater, Seymour & Pease, Washington, D.C., for appellant.

Daniel J. Mick (argued), Thomas L. Holzman, T. Timothy Ryan, Jr., Sol. of Labor, Frank A. White, Associate Sol., for Occupational Safety and Health, Allen H. Feldman, Washington, D.C., for appellate Litigation.

Marshall H. Harris, Regional Sol., U.S. Dept. of Labor, Washington, D.C., for appellee.

Before ADAMS, HUNTER and BECKER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

The Occupational Safety and Health Administration ("OSHA") obtained a warrant to inspect the premises of appellant Metal Bank of America, Inc. ("Metal Bank"). The United States District Court for the Eastern District of Pennsylvania denied Metal Bank's motion to quash the warrant and held it in civil contempt for impeding the warrant's execution. Metal Bank appealed. After argument, a remand to the district court and additional briefing, Metal Bank now renews its attack on the validity of the inspection. We do not reach the merits of Metal Bank's arguments, however, because one of its contentions is moot and the remainder must be exhausted before the Occupational Safety and Health Review Commission (the "Review Commission").

## I. FACTS AND PROCEEDINGS BELOW

Metal Bank operates a scrap metal salvaging plant in Philadelphia. After receiving an anonymous telephone complaint from an individual claiming to be a Metal Bank employee, OSHA compliance officers went to the plant on December 11, 1979, and requested permission to conduct an inspection of the premises. Counsel for Metal Bank refused to consent to the search, and the compliance officers departed.

On April 28, 1980, the OSHA Area Director applied for a warrant to inspect the Metal Bank facility. In the warrant application the Area Director stated that OSHA had received the "employee's" telephone complaint which alleged, *inter alia,* that Metal Bank employees were being exposed to lead and copper fumes. The Area Director also stated that OSHA had received a

phone call from someone claiming to be a physician who said that he had examined a Metal Bank employee for lead poisoning. The Area Director finally asserted that a follow-up inspection was necessary to determine whether Metal Bank had corrected safety violations discovered in an OSHA inspection conducted between November 29, 1978, and January 10, 1979.

An adversary hearing was conducted before a United States Magistrate.[1] At the hearing the Area Director added that in early 1978 a compliance officer had attempted to inspect Metal Bank's lead and copper processes, found that they were not operating, and recommended that OSHA inspect them when they were operating. On May 7, 1980, the magistrate issued an inspection warrant pursuant to 29 U.S.C. § 657(a) (1976). The warrant authorized the inspection of

> those areas of the workplace covered by the employee complaint, those areas involved in the [violations found in the November 1978-January 1979 search], and any area in the establishment in which there is occupational exposure to lead and copper.

App. at 12. The warrant also authorized private interviews with employees and the inspection of all pertinent records, files and papers.

Pursuant to the warrant OSHA compliance officers entered the workplace over Metal Bank's protests on May 9, 12, and 13, 1980. Metal Bank admits that it refused to allow either private employee interviews on its premises or inspection of showers and other facilities for employees supposedly exposed to lead. Metal Bank also allegedly denied some of OSHA's requests for documents. OSHA then terminated the inspection.

On February 23, 1981, OSHA asked the district court to hold Metal Bank in civil contempt for obstructing the execution of the warrant. OSHA requested that the court issue an order compelling Metal Bank

1. Then-existing OSHA regulations did not authorize the agency to seek inspection warrants *ex parte. Cerro Metal Products v. Marshall,* 620 F.2d 964 (3d Cir.1980). OSHA has since promulgated a regulation authorizing *ex parte* warrant applications. See 29 C.F.R. § 1903.-4(d) (1982).

to allow private employee interviews, inspection of all pertinent records, and entry into all areas covered by the warrant. On March 6, 1981, Metal Bank moved to quash the warrant, alleging that the warrant was not supported by probable cause and was overbroad in scope. The district court held a hearing in which Metal Bank challenged the Secretary of Labor's authority to conduct private employee interviews during working hours and to obtain records by warrant.[2]

On June 18, 1981, the district court filed an order denying Metal Bank's motion to quash the warrant and holding Metal Bank in civil contempt. *Donovan v. Metal Bank of America, Inc.,* 516 F.Supp. 674 (E.D.Pa.1981). On June 25, 1981, Metal Bank filed a notice of appeal and requested that the district court issue a stay pending appeal. We dismissed the appeal as premature. On September 15, 1981, the district court entered an order requiring Metal Bank to purge itself of the contempt by permitting OSHA to inspect within ten days all parts of the facility covered by the warrant. *Donovan v. Metal Bank of America, Inc.,* 521 F.Supp. 1024 (E.D.Pa.1981).

OSHA compliance officers conducted an inspection pursuant to the purge order from September 17 to September 25, 1981. OSHA was unable to take lead samples during the inspection because Metal Bank's lead melting process had ceased operation. In addition Metal Bank allegedly did not provide the compliance officers with access to the pertinent records until the next to last day of the inspection.

On September 21, 1981, Metal Bank filed an appeal from the purge order and moved for a stay of the inspection pending appeal. The district court later denied the motion for a stay as moot. On September 25, 1981, OSHA asked the district court to extend the time permitted for execution of the warrant to enable its compliance officers to complete the records inspection and to take lead samples when the lead melting process was in operation.

On March 22, 1982, OSHA issued citations for violations observed in the September 1981 inspection. Because Metal Bank contested those citations, a proceeding was initiated before the Review Commission. OSHRC Docket No. 82–422.

We heard argument concerning Metal Bank's appeal on September 13, 1982. On September 15 we remanded the case to the district court for resolution of OSHA's September 25, 1981, motion for extension of time. We retained jurisdiction to resolve any issues remaining after the district court's decision.

On November 8, 1982, the district court filed an order which granted OSHA's motion for extension of time and ordered that Metal Bank permit OSHA to take samples during the operation of the lead melting process and to inspect any records within the scope of the warrant that remained unexamined. OSHA compliance officers conducted the ordered inspection. On November 19, 1982, OSHA reported to the district court that the May 7, 1980, warrant had been fully executed. The parties then returned to our court and at our request submitted letter-briefs addressing whether any issues remained after the district court's decision.

The Review Commission proceeding dealing with the March 1982 citations is still pending. No citations have as yet resulted from the November 1982 inspection.

## II. DISCUSSION

Metal Bank raises three contentions on appeal. First, it argues that there was insufficient evidence to support the district court's June 1981 finding of civil contempt. Second, Metal Bank claims that the district court erred in denying its March 1981 motion to quash the warrant as overbroad and unsupported by probable cause. Third,

---

**2.** We have recently decided that "Congress did not intend to allow the Secretary to inspect records pursuant to a warrant issued under section 8(a)," 29 U.S.C. § 657(a) (1976). *In re Kulp Foundry,* 691 F.2d 1125, 1132 (3d Cir. 1982).

Metal Bank objects to the district court's November 1982 order extending the time for the execution of the warrant.

We do not reach the merits of any of Metal Bank's contentions. Metal Bank's first argument is moot. Its other contentions, while not moot, must be exhausted before the Review Commission.

### A. *Mootness*

■ A case is moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *In re Kulp Foundry,* 691 F.2d 1125, 1128 (3d Cir.1982) (quoting *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982)). Under that general test for mootness, an issue is not "live" if reversal of the trial court's order would provide the appellant "with no actual, affirmative relief." *Id.* at 1128–29 & n. 7. The issue may nonetheless be considered "live" if it falls within one of the exceptions to the mootness doctrine. In the context of challenges to OSHA inspections, a case will be considered "live" if the trial court's order has possible collateral legal consequences, or if the dispute is of such a nature that it is capable of repetition yet evading review. *See id.* at 1129.[3]

■ Applying that analysis to Metal Bank's appeal from the finding of civil contempt, we hold that the appeal is moot. *Kulp Foundry,* 691 F.2d at 1130. By complying with all aspects of the warrant, Metal Bank has totally purged its contempt. *See Marshall v. Whittaker Corp.,* 610 F.2d 1141, 1145 (3d Cir.1979). Reversal of the district court's finding of contempt will thus not provide Metal Bank with any actual, affirmative relief. The now purged adjudication of contempt also "carries with it

no possibility of collateral deprivation of civil rights or other specifically legal consequences." *Id.* (footnote omitted). Finally, such contempt, while capable of repetition, does not necessarily evade review. If Metal Bank had refused to comply with the purge order, its citation for contempt would have been reviewable.

■ We now apply the same analysis to Metal Bank's appeal from the denial of the motion to quash. Reversal of the district court's refusal to quash the warrant will not accord Metal Bank any actual, affirmative relief. The warrant has already been fully executed, and cannot now "be recalled or quashed." *Babcock & Wilcox Co. v. Marshall,* 610 F.2d 1128, 1134 (3d Cir.1979). Moreover, the denial of a motion to quash will not evade review. *Kulp Foundry,* 691 F.2d at 1130; *United States v. Cleveland Electric Illuminating Co.,* 689 F.2d 66, 68 (6th Cir.1982). If the employer resists entry, is adjudicated in contempt, and appeals before the inspection is carried out, the denial of its motion to quash will be reviewable. *See In re Consolidated Rail Corp.,* 631 F.2d 1122, 1123–24, 1125 (3d Cir.1980); *see also Babcock & Wilcox,* 610 F.2d at 1135, 1136.

The district court's order refusing to quash has possible collateral legal consequences, however. Based on evidence gathered in the September 1981 inspection, OSHA has issued citations which Metal Bank is now contesting in a proceeding before the Review Commission. In that proceeding Metal Bank has raised the same issues as it addressed in its motion to quash. *See* Appellee's December 9 Letter-Brief attachment D; *see also Whittaker Corp.,* 610 F.2d at 1147. Our decision of those issues on this appeal might have collateral legal consequences in that proceeding. For ex-

---

**3.** A third exception to the mootness doctrine was identified in *United States v. Frumento,* 552 F.2d 534 (3d Cir.1977) (en banc). We held in *Frumento* that an appeal would not be moot if the appellant had expeditiously taken all possible steps to perfect the appeal and to preserve the status quo before the dispute ceased to be "live." We stated in *Kulp Foundry* that the *Frumento* exception did not extend to OSHA inspection cases "where no personal liberty interest is at stake." 691 F.2d at 1129 n. 8.

Metal Bank argues that the *Frumento* exception should apply because its constitutional right to be free of unreasonable searches is at stake. Appellant's December 13 Letter-Brief at 38 n. 5. Without denigrating that right, we reaffirm our statement in *Kulp Foundry* that a personal liberty interest such as imprisonment must be at stake for the *Frumento* exception to apply.

ample, if we treat Metal Bank's motion to quash "as simply a request to suppress evidence arising from the inspections," *Babcock & Wilcox,* 610 F.2d at 1134, our reversal of the district court's denial of the motion might lead to suppression of the evidence before the Review Commission. *See Carl M. Geupel Construction Co.,* 10 Occ. Safety & Health Cas. (BNA) 2097 (Rev. Comm'n 1982); *Sarasota Concrete Co.,* 9 Occ. Safety & Health Cas. (BNA) 1608 (Rev. Comm'n 1981), *aff'd,* 693 F.2d 1061 (11th Cir.1982); *see also Marshall v. North American Car Co.,* 626 F.2d 320, 324 (3d Cir.1980). The appeal from the denial of the motion thus "has a continuing effect" and is not moot. *Whittaker Corp.,* 610 F.2d at 1146; *Babcock & Wilcox,* 610 F.2d at 1134.

The same holds true for Metal Bank's objections to the district court's order granting the extension of time. Because the extension has expired and the additional inspection has been completed, reversal of that order would provide Metal Bank with no actual, affirmative relief. The dispute over the extension would not have evaded review had Metal Bank obtained a stay or refused entry. Nonetheless, the appeal presents "*possible* collateral legal consequences" because OSHA may yet issue citations based on evidence gathered in the extended inspection.[4] If those citations are contested before the Review Commission,

our decision of the appeal might have in that proceeding collateral legal consequences for the admission of the evidence.

### B. *Exhaustion*

Metal Bank's appeal from the denial of the motion to quash and from the granting of the extension of time are thus not moot. Its appeal on those issues must nonetheless be dismissed for failure to exhaust administrative remedies.

We have held that where a warrant has been fully executed, and where only the pendency of OSHA citations keeps the employer's arguments from becoming moot, the employer may not raise its challenges to an OSHA inspection in the first instance in federal court but instead must exhaust its remedies before the Review Commission. *Whittaker Corp.,* 610 F.2d at 1148; *Babcock & Wilcox,* 610 F.2d at 1135–40; *see North American Car,* 626 F.2d at 324. *But see Federal Casting Division v. Donovan,* 684 F.2d 504, 507–08 (7th Cir.1982).[5] Such exhaustion is required because it recognizes the place of the Review Commission in the OSHA enforcement scheme, *see Babcock & Wilcox,* 610 F.2d at 1138–39 & n. 37, because it prevents unnecessary constitutional interpretation, *see Baldwin Metals Co. v. Donovan,* 642 F.2d 768, 772 (5th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981), and because it serves

---

**4.** The Secretary of Labor states in his brief that he "does not intend to issue citations as a result of the extended inspection." Appellee's December 9 Letter-Brief at 1. The period of limitations on such citations has not yet run, however. *See* 29 U.S.C. § 658(c) (1976) ("No citation may be issued ... after the expiration of six months following the occurrence of any violation"); *cf. Kulp Foundry,* 691 F.2d at 1129 & n. 6, 1130 & n. 10 (no collateral consequences because any future citations were time-barred).

**5.** In contrast, before an OSHA warrant is executed an employer may move to quash and may appeal the denial of its motion without having to exhaust its administrative remedies before the Review Commission. The Review Commission is incapable of *preventing* an illegal search; "no proceeding in the Review Commission may commence until a citation is issued and contested." *Cerro Metal Products v. Marshall,* 620 F.2d 964, 971 (3d Cir.1980); *see* 29 U.S.C. § 659(c) (1976). Exhaustion is thus not required as "the prescribed administrative

procedure is clearly shown to be inadequate to prevent irreparable injury," *Babcock & Wilcox,* 610 F.2d at 1138 (quoting *Barnes v. Chatterton,* 515 F.2d 916, 920 (3d Cir.1975) (quoting *American Fed'n of Gov't Employees, Local 1004 v. Resor,* 442 F.2d 993, 994–95 (3d Cir.1971))); *see also Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231, 245 (3d Cir.1980), *cert. denied,* 449 U.S. 1096, 101 S.Ct. 893, 66 L.Ed.2d 824 (1981). Direct review by the federal courts of the validity of an OSHA inspection warrant may therefore be obtained so long as the employer prevents the inspection from occurring either by obtaining a stay or by refusing entry and being adjudicated in civil contempt. *Babcock & Wilcox,* 610 F.2d at 1134 n. 13, 1136; *see Baldwin Metals Co. v. Donovan,* 642 F.2d 768, 774 & n. 13 (5th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *see also Cerro Metal Products,* 620 F.2d at 970–71 & n. 17.

judicial economy by having the Review Commission rather than the district court compile a factual record. *Cerro Metal Products v. Marshall,* 620 F.2d 964, 970–71 (3d Cir.1980); *Babcock & Wilcox,* 610 F.2d 1137–38.

■ Metal Bank's appeal from the denial of its motion to quash must therefore be dismissed for failure to exhaust its administrative remedies in the pending OSHA proceeding. *Whittaker Corp.,* 610 F.2d at 1148; *Babcock & Wilcox,* 610 F.2d at 1135–40. Metal Bank's appeal from the grant of the extension of time must be similarly dismissed. It is true that there is no *pending* OSHA proceeding in which Metal Bank can raise its objections to the extension of time. However, the only remaining relevance of those objections derives from the possibility of a future OSHA proceeding utilizing evidence acquired in the extended inspection. If such a proceeding does arise, Metal Bank will have a forum for its objections. All the reasons for presenting challenges to a completed inspection in the first instance to the Review Commission will then be fully applicable. Exhaustion is therefore required. *Marshall v. Central Mine Equipment Co.,* 608 F.2d 719, 721 (8th Cir.1979).

Metal Bank raises two major reasons why its appeal should be exempted from the exhaustion requirement. It first contends that unlike the employer in *Whittaker Corp.* it quickly moved to stay the inspection and thus preserve the status quo. Appellant's January 4 Letter-Brief at 2. We are not persuaded that such efforts remove the need to exhaust. Metal Bank's attempts to preserve the status quo, however salutary, failed. The injury to Metal Bank's right to be free of an unjustified search has already occurred, *see* note 5; the only relevant issue which remains is what evidence should be before the Review Commission. *See Babcock & Wilcox,* 610 F.2d at 1134 n. 13. Metal Bank's efforts do not outweigh the reasons we have cited for requiring that determination to be made in the first instance by the Review Commission.[6]

Second, Metal Bank asserts that because the facts necessary to resolve the merits of its appeal are already in the record, "judicial economy will not be served by relegating this case to the Review Commission." Appellant's January 4 Letter-Brief at 4–5. It is certainly true that if we considered this case "in isolation," judicial economy might well require us to consider Metal Bank's contentions at this time. *Whittaker Corp.,* 610 F.2d at 1148. There are numerous cases involving challenges to OSHA warrants, however, "and considerations of judicial economy in this general class of litigation outweigh any savings of judicial time that would be achieved by adjudicating the merits in this particular proceeding." *Id.*[7]

We therefore hold that Metal Bank must raise the challenges made in its motion to quash in the first instance before the Review Commission. Similarly, it must present to the Review Commission its objections to the extension of time for the war-

---

**6.** Metal Bank also claims that unlike the employer in *Whittaker Corp.* it "did not invoke the administrative process, then attempt to disrupt it by resorting to the courts." Appellant's January 4 Letter-Brief at 5. While such behavior is an additional reason to require exhaustion, *Cerro Metal Products,* 620 F.2d at 971; *Babcock & Wilcox,* 610 F.2d at 1140; *see Whittaker Corp.,* 610 F.2d at 1144, it is not a necessary one. "The practice of considering motions to suppress in proceedings separate from the proceedings at which the evidence would be used would afford much opportunity for abuse for dilatory purposes" and occasion much disruption regardless of the sequence in which the judicial and administrative actions were initiated. *See Babcock & Wilcox,* 610 F.2d at 1140–41 (quoting *In re Quality Products,* 592 F.2d 611, 616 (1st Cir.1979)). In this case, for exam-

ple, the Review Commission is presently holding its proceeding in abeyance pending our resolution of this appeal. Appellant's December 13 Letter-Brief at 5 n. 7.

**7.** Metal Bank also argues that it should not be required to exhaust because OSHA did not issue its citations until six months after the September 1981 inspection, "thereby denying the company any resort to the administrative process until all briefing before this Court had been completed." Appellant's January 5 Letter-Brief at 3 (note omitted). We agree that in this case OSHA has not proceeded with dispatch. OSHA's delay in filing the citations, however, merely postponed the onset of any cognizable injury to Metal Bank; it did not alter the need to exhaust.

rant's execution if and when that body considers citations resulting from the extended inspection.[8]

## C. Conclusion

We conclude that Metal Bank's appeal from the finding of civil contempt is moot, and therefore we will vacate that portion of the district court's June 1981 order and will remand to the district court with instructions to dismiss. We also conclude that Metal Bank has not exhausted before the Review Commission the contentions raised in its motion to quash and in its objections to the extension of time. Because the need to exhaust those contentions arose only after the district court had acted, we will dismiss the appeal from that portion of the district court's June 1981 order denying the motion to quash and from its November 1982 order granting the extension of time. The underlying dispute as to whether evidence obtained pursuant to the warrant should be suppressed will be preserved for consideration by the Review Commission. *Whittaker Corp.,* 610 F.2d at 1148 & n. 23.

---

**8.** If properly raised before the Review Commission, *see Universal Auto Radiator Mfg. Co. v. Marshall,* 631 F.2d 20, 22 (3d Cir.1980) (per curiam); *Keystone Roofing Co. v. Occupational Safety & Health Review Commission,* 539 F.2d 960 (3d Cir.1976), the claims may be renewed as of right before us if that tribunal does not resolve the issues to Metal Bank's satisfaction. *Whittaker Corp.,* 610 F.2d at 1148 n. 23; *see* 29 U.S.C. § 660(a) (1976).