801 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellee,
v.
Ray M. YOST, Individually and as Vice-President and General
Manager of Rockwell Tire & Fuel, Inc.,
Defendant-Appellant.
Rockwell Tire & Fuel, Inc., a corporation, X-Cel Tire, a
Division of Rockwell Tire & Fuel, Inc., Defendant.
 No. 86-2549.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 13, 1986.
Decided Sept. 11, 1986.
 
 Malcolm Brittain Blankenship, Kluttz, Hamlin, Reamer, Blankenship & Kluttz, for appellant.
 Linda Jan S. Pack, Counsel for Appellate Litigation, Wendy S. Bader, Attorney, United State4s Department of Labor, for appellee.
 M.D.N.C.
 DISMISSED.
 Before RUSSELL and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ray M. Yost, found by the district court to be in contempt for failure to pay judgments entered by the district court and affirmed by this Court, appeals from the district court's refusal to grant an extension of the payment schedule established by the contempt order. The October 1, 1985, order of contempt directed Yost to pay the judgments in three installments with the final installment to be due on April 30, 1986. The order further provided:
 
 
 2
 If the defendant should fail to make any of the payments hereinabove set out at the time set out as to each amount, the United States Marshal is duly authorized to take the defendant into custody and hold said defendant until the sums then and there due are paid. Further notice will not be given to the defendant with reference to issuing a citation for his arrest. The Court retains this matter for post-judgment interest and the costs to be taxed in this proceeding.
 
 
 3
 On April 3, 1986, Yost requested that the district court modify the payment schedule by dividing the April 30 installment into three parts, with $5,000 being due on April 30; another $5,000 being due on May 31; and the final $4,548.50 being due on June 30, 1986. The Secretary of Labor opposed this request, and it was denied by the district court by order entered April 23, 1986. Yost noted this appeal the same day, and promptly moved for a stay of the order denying modification of the payment schedule in order to avoid the incarceration that would follow upon nonpayment of the full amount by April 30.
 
 
 4
 We stayed enforcement of the order and Yost's incarceration conditioned upon Yost's posting a bond with the diStrict court in the amount of $5,000 by April 30, 1986; an additional $5,000 by May 31, 1986, and a final $4,458.50 by June 30, 1986. Yost has duly posted those amounts with the district court.
 
 
 5
 The Secretary of Labor now moves to dismiss this appeal as moot, arguing that Yost has, through this Court's stay order, obtained the modification of the payment schedule he had sought from the district court and the denial of which he had challenged on appeal. We agree with the Secretary that there is no longer anything before this Court for review.
 
 
 6
 Yost did not appeal from the contempt order but only from the district court's later refusal to modify the terms of payment. Yost has now accomplished, without his own incarceration, that modification. Upon payment to the Secretary of Labor of the money on deposit with the district court, Yost will have paid all sums required by the order of contempt and will no longer be subject to the coercive provisions of that order. See Windsor Power House Coal Co. v. District 6 U.M.W., 530 F.2d 312, 316 (4th Cir.) (civil contempt serves only the purpose of a party litigant and is terminable if the contemnor purges himself of the contempt), cert. dismissed, 429 U,S, 876 (1976). As reversal of the district court's order denying modification of the payment schedule could provide Yost "with no actual, affirmative relief," the issue presented by the appeal is no longer live. In re Kulp Foundry, 691 F.2d 1125, 1128-29 (3d Cir.1982); see In re Establish Inspection of Metal Bank of America, 700 F.2d 910, 913-14 (3d Cir.1983).
 
 
 7
 We accordingly dismiss this appeal as moot. Yost does not contest the Secretary's entitlement to the funds on deposit in the district court, and the bond may be enforced in that court. Fed.R.App.P. 8(b). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 DISMISSED.