**B & B CHEMICAL COMPANY, INC., W.B. Brock, Jr., Plaintiffs-Appellants,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al. Defendants-Appellees.**

No. 86–5008.

United States Court of Appeals, Eleventh Circuit.

Dec. 22, 1986.

Richard M. Goldstein, Goldstein & Tanen, P.A., Miami, Fla. for plaintiffs-appellants.

Leon B. Kellner, U.S. Atty., Miami, Fla., Martin W. Matzen, U.S. Dept. of Justice, Anne S. Almy, Joseph Freedman, U.S.E. P.A., Office of Gen. Counsel, Washington, D.C., for defendants-appellees.

Michael D. Goodstein, Asst. Co. Atty., Miami, Fla., for amicus-Metro Dade County.

Before CLARK and EDMONDSON, Circuit Judges, and KEITH*, Circuit Judge.

KEITH, Circuit Judge:

Appellant, B and B Chemical Company, Inc. ("B & B"), appeals the decision of Judge Edward B. Davis, United States District Court, Southern District of Florida, lifting the stay of an administrative warrant and dismissing appellant's complaint, thereby allowing appellee United States Environmental Protection Agency ("EPA") to enter and inspect B & B's grounds to determine if the site presented a danger to human health. The district court based its decision, in part, on its perceived lack of jurisdiction to quash the warrant. Because we find that appellant's claims are moot due to the fact that the warrant has been executed, we now vacate the judgment of the district court and remand with directions to dismiss the action.

B & B manufactures cleaning compounds at its plant in Hialeah, Florida. In November 1984, the Dade County Department of Environmental Resources Management ("DERM") filed a complaint against B & B in Florida State Court alleging that B & B had created an environmental nuisance.[1] DERM sought an injunction to require B & B to test and analyze the ground soil beneath its manufacturing plant. Up to this point, DERM has been unsuccessful in state court.

In September of 1985, DERM informed the EPA that hazardous substances in the soil beneath B & B's plant posed a threat to Dade County's drinking water. At DERM's request, the EPA applied ex parte to U.S. Magistrate Peter Palermo for a warrant to enter and inspect B & B's grounds to determine whether hazardous materials were present. In support of this request for a warrant, the EPA provided an affidavit by George Reedy which summarized his review of the data provided by DERM.

On September 30, 1985, the magistrate issued the warrant which authorized the EPA to enter B & B's property in order to: (1) collect environmental surface water and sediment samples at the site; (2) collect surface and subsurface soil samples; (3) install and sample permanent monitoring wells; (4) sample existing wells; (5) install and sample temporary monitoring wells; (6) obtain water level measurements; and (7) establish horizontal and vertical locations of permanent monitoring wells.

The next day, on October 1, 1985, EPA representatives came to the B & B site. B & B immediately filed a complaint in district court for declaratory and injunctive relief from the warrant. B & B also filed an emergency motion to quash or stay the warrant. B & B specifically requested that the district court quash or, at the least, temporarily stay the warrant so that B & B would have an opportunity to review the affidavit upon which the warrant was based and present evidence with respect to its validity. B & B also alleged a violation of its due process rights with respect to the ex parte nature of the warrant.

After a brief hearing, the district court granted a temporary stay of the warrant pending review of the case. Briefs were filed on October 2. On October 3, the

---

* Honorable Damon J. Keith, U.S. Circuit Judge, for the Sixth Circuit, sitting by designation.

1. This state proceeding is not officially connected to the federal case before this court. The existence of the DERM complaint is helpful as background. DERM's interest in this case is displayed by the fact that they have filed an amicus brief.

district court entered an order lifting the stay and dismissing the complaint. The district court's order noted that the proper place for B & B's opposition to the warrant was before Magistrate Palermo. The court also held that B & B's due process claim was more properly the subject of a subsequent lawsuit.

On October 4, 1985, the parties went before the magistrate. The magistrate did not stay or modify the warrant. B & B then moved for rehearing and clarification of the district court order. The district court denied the motion and B & B now brings this appeal.

On appeal, B & B argues that the district court committed reversible error in refusing to entertain the merits of its claim. In addition, B & B argues that the issuance of the warrant violated its fourth amendment right to freedom against unreasonable searches and seizures. B & B also argues that the issuance of the ex parte administrative warrant constituted a violation of its fifth amendment right to due process. We find that the case presented is now moot. Thus, there exists no jurisdictional basis for this Court to entertain the above claims.

Article III of The United States Constitution confines federal court jurisdiction to "cases" and "controversies".[2] U.S. Const. Art. III, § 2. Chief Justice Hughes in *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937), stated the following in regard to justiciable actions:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distin-

guished from an opinion advising what the law would be upon a hypothetical state of facts.

Thus, in general, a case becomes moot, and therefore, nonjusticiable as involving no case or controversy, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome". *United States Parole Commission v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969)); *Love v. Turlington,* 733 F.2d 1562, 1565 (11th Cir.1984) (quoting *Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)).

▮ In the instant case, a reversal of the district court's order will provide B & B with no actual, affirmative relief. The warrant has already been executed. It was issued on September 30, 1985. According to the warrant:

> The inspection shall commence on October 1, 1985 at 9:00 a.m. and take approximately thirty (30) days (eight to ten hours each day) to complete.... [A] prompt return of this warrant and any inventory shall be made to this Court showing that the warrant has been executed and that the entry has been completed within the time specified above.

Although the complaint, filed on October 1, 1985, caused the district court to temporarily stay the execution of the warrant, the district court lifted its stay effective October 4, 1985. After the district court lifted the stay, and apparently before October 9, 1985, the magistrate held another hearing regarding the warrant. At this hearing the parties "reached an agreement on the manner and timing of the warrant's execution." During oral argument before this Court, the parties stated that the testing had been completed. In other words, it was disclosed that the warrant had been executed. Thus, under the general test for

---

**2.** The two terms can be used interchangeably. A "controversy", if distinguishable at all from a "case", is distinguishable only in that it is a less comprehensive term, and includes only suits of

a civil nature. *Aetna Life Insurance Company v. Haworth,* 300 U.S. 227, 239, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937).

mootness, B & B's appeal fails to present a "live" controversy for this Court.

■ This does not end our inquiry, however. The courts have previously identified three exceptions to the mootness doctrine which should be considered when deciding the reviewability of an appeal that is in some sense moot. The first exception concerns a situation where the issues are capable of repetition, yet evading review. *See Southern Pacific Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). This court has recognized that, in the absence of a class action, this exception is limited to cases in which: 1) the challenged action is too short in duration to be fully litigated prior to its cessation or termination, and 2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Florida Farmworker's Council v. Marshall,* 710 F.2d 721, 731 (11th Cir.1983) (citing *Morgan v. Roberts,* 702 F.2d 945, 947 (11th Cir.1983)).

In the present case, we find that there exists no reasonable expectation that B & B will be subject to the same action again. To hold otherwise would be to base our reasoning on a theoretical possibility. If the EPA finds that B & B is not creating an environmental hazard, then it is reasonable to expect that in the future B & B will continue to operate a plant free of hazards which could endanger human health. In the alternative, if the EPA finds that B & B is creating an environmental hazard, then it could reasonably be expected that civil penalties would deter B & B from creating a similar hazard in the future. Thus, there exists no reasonable expectation that B & B will again be subject to an EPA investigation pursuant to an ex parte administrative warrant.

■ The second exception to mootness occurs where an appellant has taken all steps necessary to perfect the appeal and to preserve the status quo before the dispute becomes moot. *St. Pierre v. United States,* 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943); *Matter of Kulp Foundry,*

*Inc.,* 691 F.2d 1125, 1129 (3rd Cir.1982) (citing *Marshall v. Whittaker,* 610 F.2d 1141, 1144 (3rd Cir.1979)). We find that appellant did not take all steps necessary to perfect the appeal and preserve the status quo. Appellant did not appeal to this Court the denial of the motion to stay execution of the warrant. Neither did appellant refuse to comply with the warrant, thereby risking civil contempt, but preserving the issue for appellate review. *United States v. Cleveland Electric Illuminating Co.,* 689 F.2d 66 (6th Cir.1982).

■ The last exception to the mootness doctrine occurs where the trial court's order will have possible collateral legal consequences. *Powell v. McCormack,* 395 U.S. 486, 495–500, 89 S.Ct. 1944, 1950–52, 23 L.Ed.2d 491 (1969); *Matter of Kulp Foundry, Inc.,* 691 F.2d at 1129 (citing *Marshall v. Whittaker,* 610 F.2d 1141, 1144 (3rd Cir.1979)). The collateral consequences exception may prevent a case from becoming moot even though some of the original relief requested may be moot. J. Nowak, R. Rotunda and J. Young, *Constitutional Law* 60 (1978).

■ In the present case, if citations are issued against B & B pursuant to the EPA findings emanating from the administrative warrant, B & B could contest them on the theory that they resulted from a warrant that violated its fourth and fifth amendment rights. It could be argued that this collateral consequence is sufficient to invoke the exception. Indeed, the Third and Seventh Circuits have indicated that the mootness vel non of a challenge to an already executed OSHA warrant depends on whether citations will issue resulting from the investigation and whether the offending party might contest the citations by attacking the validity of the warrant. *Donovan v. Fall River Foundry Co., Inc.,* 712 F.2d 1103, 1111 (7th Cir.1983) (citing *Matter of Kulp Foundry, Inc.,* 691 F.2d 1125, 1128–29 (3rd Cir.1982) (case moot because modified warrant had been fully executed and *no citations issued* )).

We decline to follow the holdings of the Third and Seventh Circuits. The occurrence of future actions brought by the EPA alleging claims resulting directly from the district court's order is one that is too speculative at this stage to preclude a finding of mootness. From a policy standpoint, we would be opening the floodgates of litigation by allowing this exception to eclipse a finding of mootness on the basis of a purely speculative event. Thus, we find that the exception has not been satisfied in this case.

We thus hold that B & B's appeal is moot in that it presents no "live" controversy for adjudication. B & B's appeal does not fall within the three exceptions to the mootness doctrine. We are thus unable to reach B & B's claims on the merits. Accordingly, we VACATE the judgment below and REMAND with directions to dismiss the action.