996 F.2d 1173
 Jesse ETHREDGE, Plaintiff-Appellant,
v.
Robert HAIL, Deputy Base Commander of Robins Air Force Base,
in His Official Capacity as an Officer and Agent of the
United States Air Force, an Agency of the United States of
America, Defendant-Appellee.
 No. 92-8710.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 4, 1993.
 
 Gerald R. Weber, Legal Director, American Civ. Liberties Union, Georgia Affiliate, Atlanta, GA, for plaintiff-appellant.
 Frank L. Butler, III, Asst. U.S. Atty., Macon, GA, John C. Hoyle, U.S. Dept. of Justice, Civ. Appellate Div., Anthony J. Steinmeyer, Washington, DC, for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before KRAVITCH and HATCHETT, Circuit Judges, and ATKINS*, Senior District Judge.
 KRAVITCH, Circuit Judge:
 
 
 1
 Appellant Jesse Ethredge seeks review of a district court order denying his request for a preliminary injunction prohibiting enforcement of an Air Force administrative order. That administrative order forbids Ethredge to display on his truck certain remarks about the President of the United States while on Robins Air Force Base in Georgia. Because we conclude that the issues raised on appeal are moot, we dismiss the appeal, vacate the district court order, and remand the case to the district court for further proceedings.
 
 I.
 
 2
 Ethredge is a civilian aircraft mechanic who has worked at Robins for more than twenty-five years. He drives onto the base for work approximately four to six times per week.
 
 
 3
 From 1984 through 1988, Ethredge displayed on the back window of the truck he drove to work a sticker reading "HELL WITH REAGAN." Ethredge designed the sticker as a protest to President Reagan's policies regarding unions and the civil service retirement system, especially those involving air traffic controllers. In 1989 Ethredge changed the message on his truck to reflect the new administration of President Bush. Ethredge's anti-Bush messages read "READ MY LIPS HELL WITH GEO BUSH" and "FORGIVE BUSH NOT EGYPT HE LIED." These statements were intended to focus criticism on President Bush's agreement to raise taxes notwithstanding contrary campaign promises and his decision to forgive certain debt owed by Egypt.
 
 
 4
 In 1991 Major General Richard F. Gillis, the Robins base commander, directed appellee Hail, the deputy base commander, to order Ethredge to remove the anti-Bush stickers while on base. Hail issued the order as directed. The order provides, in relevant part:
 
 
 5
 1. As Robins Air Force Base (AFB) is a military installation, bumper stickers or other similar paraphernalia which embarrass or disparage the Commander in Chief are inappropriate as they have a negative impact on the good order and discipline of the service members stationed at Robins AFB....
 
 
 6
 2. You are hereby ordered, while at Robins AFB, to remove all bumper stickers that contain disparaging or embarrassing comments about the Commander in Chief of the United States of America.[1]
 
 
 7
 Rather than remove the stickers, Ethredge began to drive a different vehicle to work at the base. He then filed the instant lawsuit. Ethredge alleges that the order is an unjustified, viewpoint-discriminatory restriction on his speech which violates his rights under the First Amendment. He seeks both preliminary and permanent injunctions against enforcement of the order, as well as a declaratory judgment that the order is unconstitutional.[2]
 
 
 8
 Following a hearing, the district court denied Ethredge's request for a temporary restraining order and a preliminary injunction. Ethredge v. Hail, 795 F.Supp. 1152, 1159 (M.D.Ga.1992). The court held that Ethredge failed to show a substantial likelihood of success on the merits of his claims. Id. Specifically, the court concluded that the administrative order is viewpoint-neutral and that Ethredge's stickers present a "clear danger to the discipline, loyalty and morale of Air Force personnel" at Robins. Id. at 1157-59.
 
 
 9
 Ethredge took an interlocutory appeal to this court. See 28 U.S.C. § 1292(a)(1) (1988). On January 20, 1993, after the parties' briefs were filed but before oral argument, President Bush left office.
 
 II.
 A.
 
 10
 When a case becomes moot after the district court enters its judgment but before this court has issued a decision, we are divested of jurisdiction and must dismiss the appeal and vacate the underlying judgment. U.S. Const. art. III; Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985). A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. E.g., United States v. Certain Real & Personal Property, 943 F.2d 1292, 1296 (11th Cir.1991).
 
 
 11
 In his motion for a preliminary injunction, Ethredge requests only that the district court "enjoin[ ] defendant ... from enforcing a Robins Air Force Base administrative order requiring Plaintiff to remove a bumper sticker from his truck simply because it is critical of President Bush."[3] The crux of Ethredge's argument in support of preliminary injunctive relief is that the base commanders imposed a viewpoint-discriminatory restriction on his political speech by forbidding his anti-Bush messages while allowing "pro-Bush, pro-Republican and conservative bumper stickers."[4] In short, by its terms the motion for preliminary injunction seeks relief solely as to Ethredge's anti-Bush stickers. But former-President Bush is no longer in office. Consequently, the administrative order no longer forbids Ethredge's anti-Bush stickers. It does not appear that Ethredge is being precluded from displaying his anti-Bush stickers notwithstanding the order's inapplicability to them. Thus, no live controversy remains with respect to Ethredge's request for preliminary injunctive relief.
 
 
 12
 We hasten to add that our dismissal of the appeal as moot is necessarily limited to the specific order before us in this proceeding: the district court's denial of Ethredge's request for a preliminary injunction. As we recently wrote, "[t]h[is] case reaches us ... as an interlocutory appeal from an order denying a preliminary injunction. 'Consequently, only the action on the preliminary injunction is presently reviewable.' " Cafe 207, Inc. v. St. Johns County, 989 F.2d 1136, 1136-37 (11th Cir.1993) (quoting Scott Paper Co. v. Gulf Coast Pulpwood Ass'n, 491 F.2d 119, 119 (5th Cir.1974)[5]) (other citation omitted) (emphasis in original). Still pending before the district court are Ethredge's seemingly broader requests for a permanent injunction and a declaration that the administrative order is unconstitutional. The issues raised by those prayers for relief may remain live notwithstanding President Bush's departure from the White House.[6]
 
 B.
 
 13
 Ethredge proffers several arguments why this appeal is not moot, or, if it is, why an exception to the mootness doctrine should apply. First, he argues that he retains a stake in the litigation because the administrative order remains in effect and he "has a proven propensity to criticize Presidential policies."[7] This argument is unavailing for the very reason we hold above that the appeal is moot. The motion for preliminary injunction is specific to Ethredge's anti-Bush stickers. The likelihood that Ethredge will criticize President Clinton or some future president may be relevant to the larger question whether Ethredge's remaining requests for permanent injunctive and declaratory relief present a live controversy. Such future criticism likewise might justify Ethredge seeking leave of the district court to amend or supplement his pleadings in this case. In view of Ethredge's specific contentions in his motion for preliminary injunction, however, that the Robins order was issued and enforced against him solely because his messages were anti-Republican and anti-conservative, we decline to recast the motion as a more general allegation that the order was issued and enforced against him because his stickers were "anti-Commander in Chief." Cf. Wakefield v. Church of Scientology of California, 938 F.2d 1226, 1229 n. 1 (11th Cir.1991) ("This court reviews the case tried in the district court; it does not try ever-changing theories parties fashion during the appellate process.").
 
 
 14
 Ethredge also argues that the issues raised in the motion for preliminary injunction are "capable of repetition, yet evading review." See, e.g., Naturist Society, Inc. v. Fillyaw, 958 F.2d 1515, 1520 (11th Cir.1992). Although we agree that the issues are capable of repetition, we do not think they are so transitory in nature as to likely evade review. Critical remarks abound for the full duration of every president's administration. Such commentary is not confined to the relatively short timeframe of the political campaign. Ethredge himself is proof of this obvious truth; his anti-Reagan and anti-Bush stickers were displayed on the back of his truck for more than eight years. Hence, a First Amendment challenge to a military restriction on speech that is critical of the president is not likely to stay ripe only for so short a period of time as to elude full judicial review. It is mere happenstance that in this case Ethredge sought his preliminary injunction less than nine months before the change in administrations and thus was not able to obtain review in this court before his motion became moot.
 
 
 15
 Ethredge next argues that he has satisfied the exception to mootness for "an appellant [who] has taken all necessary steps to perfect the appeal and to preserve the status quo before the dispute becomes moot." B & B Chemical Co. v. EPA, 806 F.2d 987, 990 (11th Cir.1986). This exception, however, is an extremely narrow one that has been limited primarily to criminal defendants who seek to challenge their convictions notwithstanding that they have been released from custody.[8] "[T]he fundamental argument for review [in such cases] is that the stigma of conviction of itself justifies review." 13A Wright, Miller & Cooper, Federal Practice & Procedure § 3533.4, at 302 (2d ed. 1984). In B & B Chemical we cited with approval the opinion of the Third Circuit in In re Kulp Foundry, Inc., 691 F.2d 1125 (3d Cir.1982). B & B Chemical, 806 F.2d at 990. Kulp Foundry described the "all necessary steps" exception as an extension of the traditional mootness exceptions to cases in which the appellant has been released from custody or has served his sentence and has taken all possible steps to have his order of confinement promptly reviewed prior to his release. 691 F.2d at 1129. The court explained that the exception is "grounded on the important personal liberty interest at stake" in such cases. Id. The court did not understand the exception to extend to cases in which no personal liberty interest is at stake. Id.
 
 
 16
 This limitation on the "all necessary steps" exception is only logical. To review every otherwise-moot case simply because the appellant took all necessary steps to prevent the case from becoming moot would be to graft a fault requirement onto the doctrine of mootness. This would water down the doctrine almost to the point of impotence. Dilution of the mootness doctrine, in turn, would be inconsistent with the constitutional mandate that federal courts hear live cases and controversies. Thus, the "all necessary steps" exception does not save the appeal in this case from dismissal for mootness.
 
 
 17
 Finally, Ethredge argues that the district court's order will have dangerous collateral consequences if not reversed. See, e.g., B & B Chemical, 806 F.2d at 990. In particular, he fears that if the order remains as published precedent it will affect the decisions and actions of the military and of individuals wanting to exercise their First Amendment rights in future cases. In view of our decision to dismiss the appeal as moot, however, we vacate the district court's opinion. See, e.g., In re Federal Grand Jury Proceedings 89-10, 938 F.2d 1578, 1580-81 (11th Cir.1991); Wahl, 773 F.2d at 1174. This action will prevent the district court's opinion from spawning precedential consequences. E.g., County of Los Angeles v. Davis, 440 U.S. 625, 634 n. 6, 99 S.Ct. 1379, 1384 n. 6, 59 L.Ed.2d 642 (1979); Curtis v. Taylor, 648 F.2d 946, 947 n. 1 (5th Cir.1980). Any consequences that might derive from the district court opinion's lingering persuasive value are neither personal to Ethredge nor sufficiently certain to warrant an exception to the mootness doctrine in this case. See B & B Chemical, 806 F.2d at 991 (holding asserted possible collateral consequence "too speculative").
 
 III.
 
 18
 For the foregoing reasons, Ethredge's appeal is DISMISSED, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 R.1-1, Exh. C
 
 
 [2]
 R.1-1, at 6
 
 
 [3]
 R.1-2, at 1 (plaintiff's motion for temporary restraining order and preliminary injunctive relief) (emphasis added); see also R.1-3, at 1 (memorandum in support of plaintiff's motion for TRO and preliminary injunction)
 
 
 [4]
 R.1-3, at 2, 4 (memorandum in support of plaintiff's motion for TRO and preliminary injunction); see also id. at 2 (stating that Ethredge is a "self-proclaimed 'die-hard' Democrat"); id. at 9 (complaining that "[t]hose who expressed pro-Bush or 'conservative' sentiments were not similarly treated")
 
 
 [5]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as circuit precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981
 
 
 [6]
 This is particularly true with respect to Ethredge's request for a declaratory judgment, which arguably is in the nature of a facial challenge to the order's constitutionality. See Naturist Society, Inc. v. Fillyaw, 958 F.2d 1515, 1520 (11th Cir.1992) (holding that new regulation dealing with certain aspects of the complaint mooted plaintiff's demand for an injunction but not its facial challenge to the statutory scheme)
 
 
 [7]
 Response to Motion to Remand at 5
 
 
 [8]
 Although this court has referred to the "all necessary steps" exception in cases that did not involve confinement of an individual, in none of those cases did we find the exception applicable. See News-Journal Corp. v. Foxman, 939 F.2d 1499, 1506-07 (11th Cir.1991); Wakefield, 938 F.2d at 1229-30; National Broadcasting Co. v. Communications Workers of America, 860 F.2d 1022, 1023 (11th Cir.1988); Tallahassee Mem. Regional Med. Center v. Bowen, 815 F.2d 1435, 1448-49 & n. 25 (11th Cir.1987), cert. denied 485 U.S. 1020, 108 S.Ct. 1573, 99 L.Ed.2d 888 (1988); B & B Chemical, 806 F.2d at 990