In re Ladonna B. MOSLEY, Debtor.

Ladonna B. Mosley, Plaintiff,

v.

William Henderson, Postmaster General, United States Postal Service, Defendant.

Bankruptcy No. 99–43350–JDW.
Adversary No. 00–4013–JDW.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Oct. 13, 2000.

R. Wade Gastin and Judson C. Hill, Savannah, GA, for Debtor/Plaintiff.

Lawrence B. Lee, Assistant United States Attorney, Savannah, GA, and Glenn Smith, Law Department, Atlanta Field Office, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on the Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment Due to Mootness and Plaintiff's Response. The Court held a hearing on August 9, 2000, which was continued to allow the parties the opportunity to submit evidence in support of their respective positions. At the continued hearing on September 6, 2000, the Court received evidence and the arguments of counsel. At the conclusion of that hearing, the Court orally announced its findings of fact and conclusions of law. This memorandum opinion memorializes the findings of fact and conclusions of law announced in open court on September 6, 2000.

The undisputed facts are as follows. Debtor Ladonna B. Mosley filed for protection under Chapter 13 of the Bankruptcy Code on December 2, 1999. At the time of filing, Debtor was an employee of the United States Postal Service. On December 14, 1999, this Court issued a salary deduction order to the Postal Service directing them to withhold $336.00 per month from Debtor's pay for remittance to the Chapter 13 Trustee. In addition to initiating the Chapter 13 deduction, the Postal Service withheld a one-time $50.00 fee from Debtor's pay check to cover the cost of compliance with the salary deduction order. On February 2, 2000, Debtor filed the pending class action suit alleging that the $50.00 withholding violated 11 U.S.C. §§ 362(a)(3) and 525(a), 5 U.S.C. § 5596, and constituted contempt of Court

for violation of this Court's salary deduction order.[1]

Defendant filed an answer in the adversary proceeding. On April 6, 2000, the Court held a pre-trial hearing in the matter. Subsequently, on April 20, 2000, Defendant filed a "Notice of Refund of $50.00 Processing Fee" and issued a check in the amount of $50.00 which was made payable to "Chapter 13 Trustee, Estate of LaDonna Mosley." The check was delivered to the Chapter 13 Trustee who endorsed and deposited it into her trust account. The $50.00 was posted to the Debtor's Chapter 13 account on May 5, 2000. The Chapter 13 Trustee is not a named party in this adversary proceeding. Debtor's Chapter 13 plan was confirmed on June 7, 2000. A Motion for Class Certification was filed on August 4, 2000, and is presently pending before the Court.

Defendant argues in his Motion to Dismiss that Plaintiff's claim should be dismissed due to mootness. Defendant asserts that this cause of action belongs to the bankruptcy estate and since the $50.00 was tendered to and deposited by the Chapter 13 Trustee who has authority to control property of the estate, Plaintiff's claim is moot because no further relief could be granted. Defendant contends that Plaintiff is seeking only to recover the $50.00 withheld from her pay and that the Trustee's acceptance of the $50.00 for the estate would be all the damages the Court could award, thus discharging the underlying obligation to the estate. Defendant also asserts that since the payment of the $50.00 to the bankruptcy estate mooted the claim prior to class certification, then the case should be dismissed. Plaintiff responds by asserting that this suit was brought for violations of the Bankruptcy Code and that Defendant's tender of $50.00 did not rectify those violations. Plaintiff asserts that this class action suit seeks actual damages in excess of $50.00 and attorney fees.[2] Plaintiff also argues that Defendant's tender of $50.00 was rejected by Plaintiff and that the Trustee could not accept the tender and moot Plaintiff's claim because the Trustee is not a named party in the pending action.

██ Pursuant to Article III of the Constitution, the federal judicial power extends only to cases or controversies. U.S. Const. art. III, § 2. It is well established that a live controversy must remain throughout the case. "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir.1993). "The 'case or controversy' requirement demands that a cause of action before a federal court present a 'justiciable' controversy, and 'no justiciable controversy is presented ... when the question sought to be adjudicated has been mooted by subsequent developments ...' " *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3rd Cir.1992) (citation omitted). There are three (3) elements which must exist at all times in a lawsuit: 1) injury in fact, 2) a causal connection between the injury and conduct complained of, and 3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Defendant argues that no further redress was available after the Trustee accepted and deposited the

---

1. Count IV of the complaint for violation of 5 U.S.C. § 5596 was dismissed by Court Order dated April 24, 2000.

2. This Court is mindful of the limitations imposed by 11 U.S.C. § 106(a)(3) as to punitive damages.

$50.00 check on behalf of the bankruptcy estate.

The Court is not persuaded that Defendant's $50.00 refund to the Chapter 13 Trustee moots the controversy before the Court and deprives the Court of jurisdiction. The Court will address the various facets of Defendant's argument. Defendant cites two cases to support his position that the refund of $50.00 to the Trustee, which Defendant asserts is all the damages Plaintiff seeks to recover, divests this Court of jurisdiction. In the case of *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990), the United States Supreme Court found that an action seeking a declaration that certain Florida banking statutes were unconstitutional was rendered moot by subsequent amendments to the Bank Holding Act. In that case, the Supreme Court found that bank's stake in the outcome was the processing of its application to operate a bank in Florida, and that stake was eliminated by the legislative amendments. *Id.* at 472, 110 S.Ct. 1249. In the case of *Ethredge v. Hail, supra*, the Eleventh Circuit Court of Appeals found that an action brought by a civilian Air Force employee to enjoin enforcement of a regulation to have him remove bumper stickers from his truck which were critical of President Bush, as Commander in Chief, was rendered moot when President Bush was not re-elected and left office. The Court found that the terms of the motion for preliminary injunction sought relief solely as to the anti-Bush stickers and became moot when President Bush was no longer the Commander in Chief. The Court noted that their finding of mootness was limited to Plaintiff's request for preliminary injunction and that there were other issues raised by the pleadings which may remain live despite President Bush's departure from office. *Id.* at 1176. Both of these cases are distinguishable from the case at bar because the controversies were mooted by events which were outside of the parties control, results of a Presidential election and a change in the legal framework governing the case. The event which took place in this case was a unilateral act by Defendant to refund the $50.00 to the Chapter 13 Trustee. In addition, as the Court will discuss *infra*, Plaintiff seeks more than $50.00 and raises issues which remain to be decided by the Court.

Defendant asserts that Plaintiff, from her complaint and deposition testimony, does not seek damages in excess of $50.00. Thus, Defendant argues that Plaintiff is only seeking the return of the $50.00 withheld from her check and any recovery, which would be on behalf of the bankruptcy estate, has been accepted by the Trustee for the estate. The Court disagrees with Defendant's assertion that this case is over $50.00. The controversy presented by Plaintiff's complaint in this case is whether or not Defendant violated the automatic stay and/or discriminated against Plaintiff and the putative class members. Plaintiff seeks class action relief for actual damages and attorney fees for violation of the automatic stay, discrimination, and contempt of court for violation of the salary deduction order. The Court believes that the element of redress remains and has not disappeared as a result of Defendant's refund of $50.00. At this time, the Court does not accept the argument that Defendant's tender of the $50.00 made Plaintiff whole or remedied the alleged Bankruptcy Code and contempt violations. Accordingly, at this time, the Court finds that a controversy continues to exist, and this action is not moot.

 Defendant cites cases to support his argument that if a named plaintiff settles the individual claim without some reservation or qualification, the settlement

may bar class certification. In *Shores v. Sklar*, 885 F.2d 760 (11th Cir.1989), the Eleventh Circuit held that a plaintiff's consent to the entry of a judgment without reservation of the right to appeal encompassed the entire action and barred the appeal of an order denying class certification. The court recognized the principle that all interlocutory orders are merged into final judgment and that the interlocutory order denying class certification became part of the final order. *Id.* at 763. In another case, *Love v. Turlington*, 733 F.2d 1562 (11th Cir.1984), the named plaintiff settled her individual claim but reserved the right to appeal the denial of class certification. The court held that the plaintiff does retain a "personal stake" in the claim to represent the class and that the case was not moot once the personal claim was settled. *Id.* at 1565. It is important to note that in class action cases, courts recognize that there are two issues presented for resolution: 1) plaintiff's claim on the merits and 2) plaintiff's claim that he is entitled to represent a class. *See U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 402, 100 S.Ct. 1202, 1211, 63 L.Ed.2d 479 (1980).[3] In the *Shores* and *Love* cases, the named plaintiffs consented to the entry of a judgment. Both of these cases are distinguishable from the case at bar because the named Plaintiff has not consented to any action which would compromise either the claim on the merits or the class action claim. The transaction occurred between Defendant and the Chapter 13 Trustee, who is not a named party to this adversary proceeding.

The Court is not aware of case law which holds that a tender of damages to an unnamed party will moot a class action lawsuit or constitutes settlement of such suit. The Court recognizes that there is a line of cases which have found that a proper tender to the named plaintiffs prior to class certification mandates dismissal of the case. *See Lusardi v. Xerox Corp.*, 975 F.2d at 974 (other citations omitted). In those cases, the case or controversy ceased to exist because there was no plaintiff who could assert a justiciable claim against the defendant. *Id.* at 975. However, the facts in this case are distinguishable from that line of cases because the tender by Defendant was not to the named Plaintiff in this action. Defendant tendered the $50.00 to the Chapter 13 Trustee, who is not a named plaintiff or party in this suit. Therefore, the Court finds that Defendant's tender was not a proper tender to a named plaintiff which would mandate dismissal of this action prior to class certification.

 In a chapter 13 case, the trustee and the debtor are separate entities. The rights and powers of the debtor are set forth in 11 U.S.C. § 1303, which grants the debtor the authority to use property of the estate, subject to certain limitations. The Chapter 13 Trustee is an entity who, while acting in a fiduciary capacity, administers

---

**3.** In the companion case of *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), the Supreme Court addressed a mootness issue where the defendant tendered the maximum amount of damages to the named plaintiff in a class action suit after the entry of a judgment denying class certification. Defendant argued that the case was moot because the judgment was entered and the damages were tendered, despite plaintiff's refusal of the tender. The Supreme Court found that neither the reject-ed tender nor the dismissal of the action over plaintiff's objections mooted the claim and plaintiff maintained the right to appeal so long as plaintiff retained an economic interest in the class certification. Although the Supreme Court in *Deposit Guaranty* considered the impact of tender of damages to the plaintiff, the facts and procedural history distinguish it from the case at bar because the tender was to a named plaintiff and occurred after the entry of a judgment denying class certification by the Court of Appeals.

the bankruptcy estate and performs the duties set forth in 11 U.S.C. § 1302. As stated by the Seventh Circuit in the case of *Cable v. Ivy Tech State College,* 200 F.3d 467 (7th Cir.1999), "the trustee acts as an adviser and administrator to facilitate the repayment of debts according to the plan." Although separate entities, the Trustee and Debtor are dealing with the same bankruptcy estate which was created upon the filing of this case. Defendant focuses on the bankruptcy estate, the return of funds to the estate, and the Trustee's control over the bankruptcy estate, even though Plaintiff filed this lawsuit. The Court notes that, in addition to the $50.00, the causes of action for violation of the Bankruptcy Code and contempt are also property of the estate. 11 U.S.C. § 541.

Defendant asserts that the Trustee has concurrent authority with the Plaintiff/Debtor and can bind the bankruptcy estate by accepting the $50.00 tender. The concurrent authority which Defendant relies upon derives from Bankruptcy Rule 6009 which provides: "[w]ith or without court approval, the trustee or debtor-in-possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R. Bankr.P. 6009. Defendant cites the case of *Cable v. Ivy Tech State College, supra.,* to support the proposition that the debtor and trustee have concurrent authority. In that case, the Seventh Circuit stated:

> Under the reorganization chapters, the debtor-in-possession steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate. See Fed. R. Bankr.P. 6009. To say that the trustee has "exclusive authority" does not mean that the debtor-in-possession cannot act as a trustee

and therefore enjoy that same authority. Ruling otherwise would conflict with the explicit language of Rule 6009 that the "trustee or debtor in possession may . . . prosecute any action or proceeding in behalf of the estate before any tribunal."

*Id.* at 473. Bankruptcy Rule 6009 permitted either the Trustee or Debtor to prosecute this cause of action on behalf of the bankruptcy estate. Defendant takes this a step further and wants the Court to substitute the Trustee for Plaintiff or make the Chapter 13 Trustee a party to this lawsuit so that the Trustee could bind the estate in this adversary proceeding. The Court declines to do so. Bankruptcy Rule 6009 does not substitute the Trustee in the Debtor's place in an action brought by the Debtor where the Trustee is not a named party. Concurrent authority does not equate to substitution of an unnamed party in place of a named party in an adversary proceeding.

In Chapter 13 cases where the debtor is the party plaintiff, courts recognize that the Chapter 13 debtor may sue and be sued, and that the debtor controls the litigation as well as the terms of the settlement. The court in the case of *In re James,* 210 B.R. 276 (Bankr.S.D.Miss. 1997) addressed the scope of the debtor's authority and quoted the following excerpt from Judge Lundin's treatise:

> [O]ne court held that a Chapter 13 debtor's right to sue and be sued, though exercised concurrently with the trustee, is exclusively the debtor's with respect to who 'owns' a civil rights action in which the debtor is the plaintiff, thus, the debtor controls whether and on what terms to settle the lawsuit. This is a sensible outcome. If the Chapter 13 debtor has the exclusive right to 'use' the lawsuit under §§ 1303 and 363, then the debtor should control all aspects of

the litigation, including settlement. The debtor would certainly have to notice any such settlement to all creditors under Bankruptcy Rule 9019.

*Id.* at 278 (quoting Lundin, 1 Chapter 13 Bankruptcy § 3.45, p. 3–39, 2nd ed.1994)(other citations omitted). The Court finds this rationale to be applicable in this case. According to Defendant's presentation at the hearing on September 6, 2000, the tender to the Chapter 13 Trustee was a unilateral act to obtain "the good graces of the Court" after the pretrial hearing on April 6, 2000. (Defendant's Supplemental Memorandum of Law, p. 7). Plaintiff did not have any involvement in this transaction or exert any control over the litigation when Defendant tendered the $50.00 to the Trustee. The evidence presented at the hearing including the testimony of the Chapter 13 Trustee was that the $50.00 was tendered to the Trustee and deposited into her trust account in the ordinary course of business pursuant to her duties outlined in the Bankruptcy Code. There was no evidence presented that the Trustee received and purposefully deposited the $50.00 for the purpose of settling the lawsuit or that the Trustee did anything which could be construed as an agreement of acceptance of the funds for any purpose or with any specific intention.

Defendant's tender of the $50.00 to the Trustee was a unilateral act, without approval from the Plaintiff or the Court. Defendant now wants to characterize the funds as a tender in order to assert that the issues presented in this class action suit are moot. The sentiments of the Fifth Circuit Court of Appeals are well taken when they stated, "[t]he notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift." *Roper v.*

*Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir.1978).

In conclusion, Plaintiff had the express authority to bring this action on behalf of the bankruptcy estate. The Court does not regard Defendant's payment of $50.00 to the Chapter 13 Trustee, who is not a named party in this proceeding, and the subsequent deposit of the funds by the Trustee to her trust account as an offer and acceptance which would serve to moot the pending controversy and dissolve this Court of jurisdiction over this matter. Plaintiff's complaint seeks relief in excess of $50.00, and Plaintiff should be entitled to pursue her cause of action on behalf of herself and the putative class members. At this time, the Court finds that a viable controversy continues to exist and the matter is not moot.