[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13351
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-20683-FAM

HERON DEVELOPMENT CORPORATION,
a foreign corporation,

Plaintiff - Appellee,

versus

VACATION TOURS INC.,
a Florida Corporation d.b.a. Vacation Store of Miami, Inc.,
MEDIA INSIGHT GROUP, INC.,
a Florida corporation d.b.a. Media Insight,
GEORGE A. ALVAREZ,
jointly, severally, and individually,
ROSANNA M. MENDEZ,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 18, 2019)

Before MARTIN, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendants Vacation Tours, Inc., Media Insight Group, Inc., Rosanna Mendez, and George Alvarez (collectively, "Defendants") appeal a preliminary injunction order that prohibited them from registering certain domain names. Because the district court recently entered final judgment, we dismiss this appeal as moot.

## I.    Background

Plaintiff Heron Development Corporation ("Heron") is a wholesale commercial retailer of unsold resort inventory in Mexico and the Caribbean, including properties owned by Palace Resorts, S.A. de C.V. ("Palace Resorts"). Plaintiff brought a seven-count action alleging that Defendants violated the trademark infringement and anti-dilution protections of the Lanham Act, the Anticybersquatting Consumer Protection Act, and Florida state trademark and consumer protection law.

Plaintiff moved for a preliminary injunction. The district court granted Plaintiff's motion as to Count I (Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)). The district court ordered that "during the pendency of this action, Defendants are:  (1) prohibited from registering domain names that incorporate, in whole or in part, the Palace Resort registered trademarks that have

2

become incontestable; and ( 2) required to change the Domain Name Service settings on all the Infringing Domain Names to forward website traffic to the appropriate Palace Resort webpage." Defendants filed a motion for reconsideration, arguing that Heron lacked standing under 15 U.S.C. § 1125(d) to assert the Palace Resort registered trademarks because it was not the owner of the trademarks, only an exclusive licensee. The district court denied the motion. Defendants appealed.

On October 27, 2017, Heron filed a joint second amended complaint realleging and making Palace Resorts, the owner of the relevant trademarks, a plaintiff with respect to the cybersquatting claim under 15 U.S.C. § 1125(d) (Count I). On November 30, 2017, the district court dismissed Count I as to Heron for lack of standing. Defendants subsequently argued that the district court should dissolve the injunction because Heron no longer had a claim under Count I.

In view of the district court's dismissal of Heron as a party to the sole count underlying the preliminary injunction, on January 26, 2018, we requested supplemental briefing on:

> [W]hether the preliminary injunction that is the subject of this appeal survives the dismissal of the claim underlying that injunction, such that the injunction ruling should be addressed on the merits by this Court rather than remanded to the district court with instructions to dissolve the injunction as moot. *Cf.* Fed. R. Civ. P. 62.1 (providing that, if a party files a motion for relief that the district court lacks authority to grant because of a pending appeal, the district court may issue an indicative ruling stating either that it would grant the motion if the court

3

of appeals remands for that purpose or that the motion raises a substantial issue); *Birmingham Fire Fighters Ass'n 117 v. City Of Birmingham*, 603 F.3d 1248, 1254–55 (11th Cir. 2010) (dismissing for lack of jurisdiction an appeal from the issuance of a preliminary injunction because, during the pendency of the appeal, the district court entered a final judgment into which the preliminary injunction merged).

In their supplemental brief, Defendants argued that the preliminary injunction cannot survive the dismissal of Heron's Count I and, therefore, asked that this Court remand the case and direct the district court to dissolve the injunction. Heron, on the other hand, argued that the injunction survived because Palace Resorts was "effectively substituted" for Heron as to Count I.

On the same day Heron filed its supplemental brief in our Court, it and Palace Resorts filed a motion in the district court asking that court to modify the preliminary injunction to reflect that Palace Resorts, rather than Heron, was the beneficiary of that injunction. The district court denied that motion and compelled Defendants' compliance with the preliminary injunction.

On June 12, 2018, the district court granted summary judgment for Palace Resorts on Count I, concluding that Defendants' registration and use of certain domain names violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Heron and Palace Resorts jointly moved to dismiss all other claims. The district court granted the motion and proceeded to a bench trial on statutory damages, attorneys' fees, and equitable relief as provided under the Lanham Act.

4

The district court issued a Trial Order on February 15, 2019, concluding that Palace Resorts is "entitled to injunctive relief, statutory damages, and reasonable attorneys' fees and costs." The district court ordered Defendants to "transfer all forty (40) of the Infringing Domain Names to Plaintiff Palace Resorts." However, the district court denied Palace Resort's request to permanently enjoin Defendants from any further infringement of Palace Resort's trademarks, stating: "While the facts of the case would likely support entry of a permanent injunction, Plaintiff has failed to analyze, or otherwise mention, any of the requisite factors and the Court will not engage in the analysis on its behalf." The district court awarded $400,000 in statutory damages and directed that Palace Resorts file a separate motion for attorneys' fees and costs. The court entered final judgment on February 20, 2019.

## II.    Discussion

"[I]t is incumbent upon this court to consider issues of mootness *sua sponte* and, absent an applicable exception to the mootness doctrine, to dismiss any appeal that no longer presents a viable case or controversy." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1220 (11th Cir. 2016) (quoting *Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994)). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)).

This appeal is moot.  "Once a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction."  *Burton v. State of Ga.*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992); *Associated Builders & Contractors Fla. East Coast Chapter v. Miami-Dade Cty.*, 594 F.3d 1321, 1323–24 (11th Cir. 2010) ("Once an order of permanent injunction is entered, any preliminary injunction merges with it, and appeal may be had only from the order of permanent injunction.").  Here, the district court entered final judgment, awarding statutory damages, requiring transfer of 40 infringing domain names, and denying further injunctive relief.  Defendants' appeal is properly taken from the final judgment, not the preliminary injunction.  *Burton*, 953 F.2d at 1272 n.9.

## III.  Conclusion

For the above reasons, we dismiss this appeal for lack of jurisdiction.