[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11818

Non-Argument Calendar

_____

JOHN DOE,

                                                                    Plaintiff,

IFTEKHAR AHMED,

                                                          Plaintiff-Appellant,

*versus*

SECRETARY,    U.S.    DEPARTMENT    OF    HOMELAND
SECURITY,
DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES
(USCIS),
DIRECTOR, VERMONT SERVICE CENTER OF USCIS,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-60141-WPD

———————————

Before ROSENBAUM, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

Iftekhar Ahmed, a native and citizen of Bangladesh represented by counsel, filed the present suit seeking injunctive relief from the United States Citizenship and Immigration Services' (the "USCIS") denial of his application for adjustment of status under 8 U.S.C. § 1255(m). The District Court for the Southern District of Florida: (i) denied his motion for preliminary injunctive relief; and (ii) entered a final judgment dismissing his amended complaint for lack of subject matter jurisdiction. On appeal, Ahmed argues both that the District Court erred in denying his motion for preliminary injunctive relief, as he demonstrated a likelihood of success on the merits, and that the District Court erred in dismissing his amended complaint for lack of subject-matter jurisdiction.

## I.

Initially, we address Ahmed's argument that the District Court erred in denying his motion for preliminary injunctive relief.

This Court must "consider issues of mootness sua sponte and, absent an applicable exception to the mootness doctrine, [must] dismiss any appeal that no longer presents a viable case or controversy." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1220 (11th Cir. 2016) (quoting *Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994)).  A moot case "no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). Once a district court enters a final judgment, "the appeal is properly taken from the final judgment, not the [denial of a] preliminary injunction." *Burton v. Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992).  Here, the District Court entered a final judgment dismissing Ahmed's suit.  Ahmed's appeal, then, is properly taken from the final judgment, not the preliminary injunction.  Accordingly, we dismiss his appeal to the extent that he challenges the denial of his motion for a preliminary injunction.

## II.

Ahmed's second argument on appeal is that the District Court erred in dismissing his amended complaint for lack of subject matter jurisdiction.  We review a district court's determination that it lacks subject matter jurisdiction *de novo. Center v. Sec'y, Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018).  The plaintiff bears the burden of establishing federal subject matter jurisdiction. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).  If there is a deficiency in subject matter jurisdiction, district courts are constitutionally obligated to dismiss

the action. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Congress limited the jurisdiction of federal courts to review administrative decisions concerning immigration decisions by passing 8 U.S.C. § 1252(a)(2)(B), which states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, <u>no court shall have jurisdiction to review</u>—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or <u>1255</u> of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

In *St. Cyr*, the Supreme Court suggested that barring review of all legal and constitutional questions in removal cases could raise a constitutional concern. *I.N.S. v. St. Cyr*, 533 U.S. 289, 300, 121 S. Ct. 2271, 2279 (2001). Specifically, the Court noted that the Suspension Clause, which states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it," required "some judicial intervention in *deportation cases*." *Id.* (emphasis added); U.S. Const. art. I, § 9, cl. 2. Following this, Congress passed 8 U.S.C. § 1252(a)(2)(D), which restored the jurisdiction of the courts of appeals to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D); *Patel v. Garland*, 142 S. Ct. 1614, 1623 (2022).

In *Patel*, the Supreme Court held that federal courts lacked jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255, as § 1252(a)(2)(D) only restored jurisdiction over constitutional claims or questions of law raised upon a petition for review. *Patel*, 142 S. Ct. at 1627. In reaching this holding, the Court noted that, rather than lifting § 1252's prohibition on judicial review altogether in response to the Court's opinion in *St. Cyr*, Congress instead "excised only the legal and constitutional questions that implicated [the Court's] concern." *Id.* at 1623. The Supreme Court further noted that, while the issue of reviewability for USCIS decisions was not before the Court, it was possible that Congress had intended to "close that door," "foreclosing judicial

review unless and until removal proceedings" were initiated. *Id.* at 1626.

Here, the District Court correctly found that it lacked subject matter jurisdiction to review the denial of Ahmed's application for adjusted status, as the plain language of § 1252(a)(2)(B)(i) stripped the court of jurisdiction. Ahmed's application for adjustment was made under § 1255(m), and § 1252(a)(2)(B)(i) expressly states that no court has jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255 of this title." § 1252(a)(2)(B)(i).

Initially, Ahmed argues that § 1252(a)(2)(B)(i) does not apply to applications for adjustment under § 1255(m) because Congress did not intend for the jurisdiction stripping statute to apply to § 1255(m) and because § 1255(m) differs meaningfully from other subsections of that statute, such as § 1255(a). Appellant Br. at 48–51. But that argument ignores the plain text of § 1252(a)(2)(B)(i), which states that "no court shall have jurisdiction" over "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." § 1252(a)(2)(B)(i). Even assuming that Congress did not intend the jurisdiction stripping provision to apply to § 1255(m), it provided no exception in the statute and because the text is clear, we cannot look beyond it. *See NLRB v. SW General, Inc.*, 580 U.S. 288, 305, 137 S. Ct. 929, 942 ("The text is clear, so we need not consider [ ] extra-textual evidence."); *see also Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 487–88 (11th Cir. 2015).

Section 1252(a)(2)(D) addressed the Court's concerns and clarified that the jurisdiction stripping statute was not to be "construed as precluding review of constitutional claims or questions of law." § 1252(a)(2)(D). Ahmed argues that his Complaint below presented constitutional and legal questions to the District Court. What he seeks, however, is not the resolution of a constitutional or legal question, but a reweighing of the evidence. Ahmed's argument is not that the USCIS looked at the wrong types of evidence, but rather that it did not come to the conclusion he wanted based on that evidence. This is a factual question, not a legal one. *See Mutua v. U.S. Att'y Gen.*, 22 F.4th 963, 968 (11th Cir. 2022) ("An argument couched as a legal question that essentially challenges the agency's weighing of evidence is a garden-variety abuse of discretion argument that does not state a legal or constitutional claim." (internal citations omitted)); *see also Patel v. United States*, 971 F.3d 1258, 1280 (11th Cir. 2020) (en banc), *aff'd sub nom. Patel v. Garland*, 124 S. Ct. 1614 (2022) ("[F]actfinding, factor-balancing, and exercise of discretion normally do not involve legal or constitutional questions, so we lack jurisdiction to review them." (internal citations omitted.")).

To the extent Ahmed argues that his Complaint raises a constitutional question under the Due Process Clause of the Fifth Amendment that is reviewable under § 1252(a)(2)(D), this

8                    Opinion of the Court                    22-11818

argument fails as well.[1]  This Court has been clear that there is "no constitutionally protected interest in purely discretionary forms of relief." *Scheerer v. U.S. Atty. Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).  And adjustment of an alien's status is a discretionary form of relief.  *Id.*; *see also Bing Quan Lin v. U.S. Atty. Gen.*, 881 F.3d 860, 869 (11th Cir. 2018) ("[W]e have specifically identified . . . adjustment of status as [a] discretionary form[ ] of relief.").

The District Court did not err in determining it lacked subject matter jurisdiction over Ahmed's complaint because the plain text of § 1252(a)(2)(B)(i) indicates that "no court" has jurisdiction in any judgment regarding the granting of relief under § 1255.[2]

**DISMISSED IN PART, AFFIRMED IN PART.**

---

[1] Ahmed's Complaint also alleged a claim that his Fifth Amendment due process rights were violated.  The Supreme Court in *Bivens* established the availability of a cause of action against federal officials in their individual capacities for violations of federal constitutional rights.  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395–97, 91 S. Ct. 1999, 2004–05 (1971).  Ahmed's opening brief, however, does not address this claim.  As such, it is abandoned.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is [ ] well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.")..

[2] Ahmed also argued on appeal that the District Court had jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) and 5 U.S.C. § 701(a)(2), as denial of an application for adjustment under § 1255(m) is not discretionary.  Because § 1252(a)(2)(B)(i) clearly deprives the District Court of subject matter jurisdiction, we do not reach this argument.