**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

--------------------------

No. 23-11975

Non-Argument Calendar

--------------------------

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GABRIEL HAKEEM LEE,

*Defendant-Appellant.*

--------------------------

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00091-ECM-CWB-3

--------------------------

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Gabriel Hakeem Lee appeals his conviction and sentence for distributing 50 grams or more of methamphetamine. Lee's appointed counsel, Thomas M. Goggans, filed a motion to withdraw

pursuant to *Anders v. California*, 386 U.S. 738 (1967). We denied Goggans's *Anders* motion and ordered merits briefing as to whether Part A of Amendment 821 to the Sentencing Guidelines applied retroactively on direct appeal and lowered Lee's guideline range.

While his appeal was pending, the district court entered an order purporting to grant Lee a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 and reduce his imprisonment term. In his merits brief, Lee argued only that we should treat the district court's order as an indicative ruling and order a limited remand to the district court to allow it to reduce his sentence under § 3582(c)(2). We issued an opinion treating the district court's order as an indicative ruling and remanding for the limited purpose of allowing the district court to enter an order regarding Lee's entitlement to relief under § 3582(c)(2). On remand, the district court issued an order finding that Lee was entitled to relief under § 3582(c)(2) based on Amendment 821 and reducing his imprisonment sentence.

An appeal is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). Here, there is no longer a live controversy with respect to which we can give meaningful relief to Lee because he has already received the relief he requested—a limited remand to the district court for it to enter an order regarding Lee's entitlement to relief under § 3582(c)(2) and a

23-11975                Opinion of the Court                3

subsequent district court order granting him a sentence reduction under § 3582(c)(2).  Thus, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.