**SUMMIT TOWERS CONDOMINIUM ASSOCIATION, INC., Plaintiff,**

v.

**QBE INSURANCE CORPORATION, Defendant.**

**Case No.: 11–60601–CIV.**

United States District Court, S.D. Florida.

July 13, 2011.

**1312**

David John Pettinato, Merlin Law Group PA, Tampa, FL, for Plaintiff.

William S. Berk, Sorraya Solages, Berk, Merchant & Sims, PLC, Coral Gables, FL, for Defendant.

### ORDER GRANTING MOTION TO DISMISS COUNTS I AND III

PATRICIA A. SEITZ, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Dismiss Counts I and III of Plaintiff's Complaint. Plaintiff, a condominium association, filed a three count Complaint for relief against its insurer for failure to pay for losses arising out of Hurricane Wilma in October, 2005. Count I requests a declaratory judgment as to several issues, including a declaration "that the date the statute of limitations begins to run is the date that QBE breached the insurance contract." Compl., ¶ 35(A) [DE 1–2]. Count III seeks relief for Breach of Common Law Good Faith and Fair Dealing. Having reviewed the parties' papers and the applicable law, Defendant's motion is granted.

### I. BACKGROUND

Plaintiff Summit Towers Condominium Association, Inc. ("Summit Towers") obtained a Commercial Property Insurance Policy (No. QF2310–08) from Defendant QBE Insurance Corporation ("QBE"). The policy insured the premises located at 1201 South Ocean Drive, Hollywood, Florida, which consists of two twenty-five story buildings (567 units) and a three story parking garage. After Hurricane Wilma damaged the property on October 24, 2005, Summit Towers submitted an insurance claim to QBE. It appears sometime after November 2005, QBE denied the claim because the alleged damages would not exceed the hurricane damage deductible— $1,984,748.00.

On August 18, 2009, Summit Towers submitted to QBE a sworn statement in proof of loss ("Proof of Loss") in the amount of $11,047,269.31, together with a detailed damage estimate and all supporting documentation. On September 11, 2009, QBE rejected the Proof of Loss for the reasons stated in the attachment to Summit Towers' Complaint. *See* Compl., Ex. C [DE 1–3]. Plaintiff filed the instant law suit in Florida state court on October 20, 2010, almost five years after the hurricane damaged the property. After withholding service of the Complaint for 110 days while trying to "resolve its insurance claim," Summit Towers served QBE through the Chief Financial Officer of the State of Florida on February 9, 2011. Pl.'s Resp., pp. 2 [DE–8]. QBE removed the matter to this Court on March 21, 2009, based on diversity of citizenship. [DE–1].

### II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure tests the sufficiency of the complaint and provides that a party may move the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 684 (11th Cir.2001). This material can be either direct or inferential, *see id.* at 683, but it must be factual. *Twombly,* 550 U.S. at 554, 127 S.Ct. 1955. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## III. LEGAL ANALYSIS

### A. COUNT I—REQUEST FOR DECLARATORY RELIEF

■ Summit Towers admits that the decision to file the Complaint immediately before the five–year anniversary of the damage from Hurricane Wilma was not a coincidence. Compl. ¶¶ 31–33 (acknowledging the existence of 5–year statute of limitations for a beach of contract claim). Summit Towers then notes that numerous Florida courts have held that the limitations period for such a claim begins to run on the date the insurance contracts is breached. *Id.* at ¶ 32. After noting it "adamantly" agrees with these rulings, Summit Towers suggests that dire consequences would result if it failed to commence an action before the end of the limitations period. Because of these "factual circumstances," Summit towers maintains that "a dispute has arisen which has left the *Parties* insecure and uncertain with respect to *their* rights[.]" *Id.* at ¶ 35(emphasis added). Summit Towers therefore asks the court to "declare," among other things, that:

A. [ ] the date that QBE breached the contract was on the date it initially advised SUMMIT TOWERS that the damages did not exceed the deducible;

B. the date the statute of limitations began to run is the date that QBE breached the insurance contract;

Compl., ¶ 35(A–B).

QBE has filed a motion to dismiss Count I because Summit Towers seeks inappropriate declaratory relief. QBE analyzed each of the eight requests for declaratory judgment and argues why these claims fail to state a claim for declaratory relief. Summit Towers disagrees and maintains that all eight of its requests properly state claims for declaratory relief.

The only two claims for declaratory relief that relate to the so-called "dispute" identified by Summit Towers are Claims A and B. These two claims, however, fail to state a claim for declaratory relief. Putting aside for the moment that the relief requested presumes the contract has been breached, these two claims are not based on an actual dispute or controversy.[1] *B & B Chem. Co. v. EPA,* 806 F.2d 987, 989

---

1. Moreover, Summit Towers actually filed the Complaint less than five years after the acts described in Claims A and B so there would not even be a dispute whether the five-year statute of limitation applies.

(11th Cir.1986) ("A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot.") The statute of limitations is an affirmative defense which must be specifically pled. *See* Fed.R.Civ.P. 8(c). QBE has not asserted a statute of limitations defense in this case as it has yet to file an Answer to the Complaint. If QBE has not raised the defense, there can be no "dispute" that a declaratory judgment will resolve. In other words, at this point one cannot correctly say that the *Parties* are not uncertain of *their* rights, only Summit Towers is uncertain. Summit Tower's unilateral concerns, however, do not constitute a real and substantial controversy between the parties. Summit Towers seeks an advisory ruling concerning an affirmative defense that QBE has not raised. This is not an appropriate basis for declaratory relief. Claims A and B are dismissed for failure to state a claim.[2]

### B. COUNT III—BREACH OF THE COMMON LAW OBLIGATION OF GOOD FAITH AND FAIR DEALING

QBE also seeks to dismiss Claim III because Florida State and federal courts have refused to recognize a good faith/fair dealing claim in the first-party insurance context. Def.'s Mot., pp.–12 [DE–6]. In response, Summit Towers suggests the law is unclear on this point and asks the Court to stay Count III until the Florida Supreme Court issues a decision in *QBE Ins. Corp. v. Chalfonte Condo. Apt. Assoc, Inc.,* Case No. SC09–401441. Pl's Resp., pp.

15–16 [DE–8]. The Court will decline the request for a stay, but will dismiss Count III with leave to re-file (even after the deadline for amending the complaint) should the Florida Supreme Court's decision provide a basis for asserting Count III in this case.

Accordingly, it is

ORDERED that

(1) Defendant's Motion to Dismiss Counts I and III is GRANTED and Claims I and III are dismissed.

(2) Summit Towers shall have the right to seek leave to amend the Complaint within seven (7) days of the Florida Supreme Court's ruling in *QBE Ins. Corp. v. Chalfonte.*

---

**2.** With respect to claims C–G, Summit Towers does not even allege that a unilateral dispute exists, but simply asks the Court to resolve certain factual issues, some of which sound more like interrogatory requests than claims for declaratory relief. *See, e.g.,* Claim F— "Did William S. Berk with Berk, Merchant & Sims, PLC perform, in this claim, the follow-

ing investigative duties:—Investigation to establish coverage, determine legal ability, and verify if the alleged damages qualify the loss for payment." Claim H does not even seek a declaratory judgment, but seeks an Order staying the case. Accordingly, Claim C–H are dismissed for failing to state a claim for declaratory relief.